889 A.2d 1061

IN THE MATTER OF STEPHEN D. LANDFIELD,
AN ATTORNEY AT LAW.

January 27, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–365/366/367, concluding that **STEPHEN D. LANDFIELD**, formerly of **MORRIS PLAINS**, who was admitted to the bar of this State in 1984, and who has been temporarily suspended from the practice of law since November 1, 2004, by Orders of the Court filed on October 1, 2004, and May 12, 2005, should be suspended from practice for a period of six months for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.5 (failure to set forth in writing the basis or rate of the fee) and *RPC* 8.1(b)(failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that respondent should not be reinstated to practice until the conclusion of all pending ethics proceedings against him and until he demonstrates his fitness to practice law;

And **STEPHEN D. LANDFIELD** having been ordered to show cause why he should not be disbarred otherwise disciplined;

And good cause appearing;

It is ORDERED that **STEPHEN D. LANDFIELD** is suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court, and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until the conclusion of all disciplinary matters pending against him and until he satisfies the outstanding fee arbitration determinations as Ordered by the Court on May 19, 2004, and October 1, 2004; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.